Dennis Wayne MOSLEY, et
al., Plaintiffs,

v.

STARR ELECTRIC COMPANY,
Defendant.

No. CIV-2-80-97.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 24, 1981.

Bob McD. Green, Johnson City, Tenn., for plaintiffs.

Thomas L. Kilday, and N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., and Richard C. Forman, Greensboro, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The threshold issue presented herein is whether § 1 of the Davis-Bacon Act, 40 U.S.C. § 276a, creates impliedly a private right of action in favor of wage-earners aggrieved by a violation of that act. The courts of appeals which have considered this question are divided, such court for the Seventh Circuit having answered in the affirmative,[1] and the court for the Fifth Circuit in the negative.[2] The same as the magistrate who recommended that the motion of the defendant for a summary judgment herein be granted, the undersigned finds the holding of the Fifth Circuit more persuasive. The reasoning of that Court appears more thorough and sound, and this Court is not convinced that, if squarely faced with this issue, the Supreme Court or the Court of Appeals for the Sixth Circuit would reject it in favor of the contrary viewpoint.

Accordingly, on the authority of *United States, Etc. v. Capeletti Bros., Inc., infra,* the recommendation of the magistrate herein of February 2, 1981 hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), and the motion of the defendant for a dismissal hereby is

GRANTED, Rule 12(b)(6), Federal Rules of Civil Procedure.[3] Judgment will enter that the complaint of the plaintiffs hereby is DISMISSED for failure to state a claim on which relief can be granted. Rule 58(1), Federal Rules of Civil Procedure.

---

1. *McDaniel v. University of Chicago,* C.A. 7th (1975), 512 F.(2d) 583, vacated and remanded (1975), 423 U.S. 810, 96 S.Ct. 20, 46 L.Ed.(2d) 30, on remand C.A. 7th (1977), 548 F.(2d) 689, certiorari denied (1978), 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.(2d) 780; *see Coutu v. Universities Research Association, Inc.,* C.A. 7th (1979), 595 F.(2d) 396, certiorari granted (1980), 445 U.S. 925, 100 S.Ct. 1310, 63 L.Ed.(2d) 757.

   Recently, the Court of Appeals for the Seventh Circuit noted that its decision in *McDaniel v. University of Chicago, supra,* had been rendered without the guidance of the pronouncements of the Supreme Court in *Cannon v. University of Chicago* (1979), 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.(2d) 560. *Simpson v. Reynolds Metals Co., Inc.,* C.A. 7th (1980), 629 F.(2d) 1226, 1240, n. 27.

2. *United States, Etc. v. Capeletti Bros., Inc.,* C.A. 5th (1980), 621 F.(2d) 1309, in which the holding in *McDaniel v. University of Chicago, supra,* was rejected. In so doing, the Court of Appeals for the Fifth Circuit stated its belief that its position was supported by the most recent decisions of the Supreme Court, discussing the implication of a private right of action from a federal statute. *Ibid.,* 621 F.(2d) at 1312–1313, n. 10.

3. Such disposition renders unnecessary any consideration of whether this action should proceed as a class action under the provisions of Rule 23, Federal Rules of Civil Procedure.