Kenneth J. PEATROSS and John Does 1–10,000, Plaintiff,

v.

GLOBAL ASSOCIATES, Defendant.

Civ. No. 94–00178 HMF.

United States District Court, D. Hawaii.

April 29, 1994.

Jeffrey M. Taylor, Honolulu, HI, for plaintiff.

Roy A. Vitousek, III, Mark D. Lofstrom, Cades, Schutte, Fleming & Wright, Honolulu, HI, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

FONG, District Judge.

### INTRODUCTION

On April 25, 1994 the court heard defendant Global Associate's ("Global") motion to dismiss for failure to state a claim upon which relief can be granted filed March 7, 1994. Plaintiff Kenneth J. Peatross filed a response on April 8, 1994. Global filed a reply on April 15, 1994.

### BACKGROUND

Peatross is one of numerous employees hired by Global to do maintenance and repair work on military housing at Hickman Air Force Base, under a contract between Global and the U.S. Air Force. On February 8, 1994 Peatross filed suit against Global in a Hawaii state court alleging that the payments he received from Global were made in "violation of federal laws and statute." Specifically, Peatross' complaint seeks damages based on the allegation that "rather than being paid wages under the Davis–Bacon Act, 40 U.S.C. § 276a § 276c, [Peatross was] having part of [his] wages paid under the McNamara–O'Hara Service Contract Act [41 U.S.C. § 351 et seq.]. Complaint ¶ 6. Peatross alleged that the United States Department of Labor had investigated the matter and determined "that the [plaintiffs] should be paid the additional monies which are owed under the David–Bacon [sic] Act." *Id.* ¶ 9. He also alleged that "plaintiffs have made demand upon Global for payment of the additional amounts owed them, there being no further determination necessary or to be done by the U.S. Department of Labor or any federal agency," *Id.* ¶ 11. Accordingly, Peatross alleges that he is "entitled to judgment, in amounts as shall be shown at trial, for unpaid wages due ... as already determined by the U.S. Department of Labor, for services rendered under the Davis–Bacon Act." *Id.*

The allegedly final determination of the United States Department of Labor ("DOL") to which Peatross referred in his complaint was a DOL letter reporting to the United States Air Force the results of a DOL Wage and Hour investigation of contracted work for maintenance and repair of military housing at Hickman Air Force Base. October 27, 1993 letter from DOL to Jim Evans (Plaintiffs Ex. B). The letter states, in pertinent part:

> This is in reference to a Wage and Hour investigation of the cited Contractor [Global] during its performance on the above referenced project. That investigation revealed that some of the work order carried out in the performance of this contract pursuant to the McNamara–O'Hara Service Contract Act should have been made subject to the provisions of the Davis–Bacon Act.

> \* \* \* \* \* \*

> ... Our Honolulu Area Office is prepared to assist your representatives at the Hickman AFB and officials of the primary contractor in determining the back wages due to employees who performed construction work under the above-mentioned contract work orders.

*Id.*

On March 4, 1994, Global removed the action from state court. Global now moves this court to dismiss the action because the Davis–Bacon Act does not afford Peatross a private right of action to sue Global. Alternatively, even if federal law provides Peatross with legal recourse against Global Associates, Peatross fails to have satisfied the pleading and procedural prerequisites necessary to maintain such an action.

Plaintiff opposes the motion by arguing that private cause of action exists under the Davis–Bacon Act. Plaintiff also petitions the court for additional time to conduct discovery to determine whether or not a final determination has been made by DOL. Peatross complains that the DOL has refused to comply with a subpoena duces tecum; the DOL informed Peatross that it would not comply with the subpoena because the documents requested were part of an on going investigation, and thus, could not be released. *See* March 21, 1994 Letter from DOL to Jeffrey S. Taylor (Plaintiffs Ex. D).

## STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion:
>
> ... (6) failure to state a claim upon which relief can be granted. ...

In considering a 12(b)(6) motion to dismiss, the general rule is that a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 112, 2 L.Ed.2d 80 (1957)); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *California ex. rel. Younger v. Mead*, 618 F.2d 618, 620 (9th Cir.1980).

In evaluating a complaint, the court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

## DISCUSSION

### I. *Private Right of Action Under the Davis–Bacon Act*

■ Section 1 of the Davis–Bacon Act, 40 U.S.C. § 276a, (the "Act") provides that certain federal construction contracts shall contain a provision stating that laborers and mechanics are to be paid no less than the wages prevailing in the community where the construction work is to be performed[1]. The Act does not specifically provide for a private right of action in favor of wage-earners aggrieved by a violation of the Act. To date, the Ninth Circuit has not addressed the issue. For the reasons detailed below, the court will follow the majority of courts that have addressed the issue and hold that there is no private right of action under the Act.

■ The principles applicable in determining whether a private remedy is implicit in a statute not expressly providing one are well-established. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Whether a private right of action should be implied is a matter of statutory construction; the ultimate question is simply whether Congress intended to create a private remedy.

1. Subsection (a) of 40 U.S.C. § 276a provides:

   (a) The advertised specifications for every contract in excess of $2,000, to which the United States or the District of Columbia is a party, for construction, alteration, and/or repair, including painting and decorating, of public buildings or public works of the United States or the District of Columbia within the geographical limits of the States of the Union, or the District of Columbia, and which requires or involves the employment of mechanics and/or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision of the State, in which the work is to be performed ...; and every contract based upon these specifications shall contain a stipulation that the contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work, unconditionally and not less often than once a week, ... computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and such laborers and mechanics, and that the scale of wages to be paid shall be posted by the contractor in a prominent and easily accessible place at the site of the work; and the further stipulation that there may be withheld from the contractor so much of the accrued payments as may be considered necessary by the contracting officer to pay laborers and mechanics employed by the contractor ... on the work the difference between the rates of wages required by the contract be paid laborers and mechanics on the work and the rates of wages received by such laborers and mechanics and not refunded to the contractor ... or their agents.

   Subsection (b) defines the term "wages" and describes the methods of payment of both regular and overtime pay.

*Rapid Transit Advocates, Inc. v. Southern California Rapid Transit Dist.,* 752 F.2d 373, 376 (9th Cir.1985) (citing *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979); *Osborn v. American Ass'n of Retired Persons,* 660 F.2d 740, 742 (9th Cir.1981). In determining Congressional intent, the language of the statute and its legislative history should first be examined. *Rapid Transit Advocates,* 752 F.2d at 376 (citations omitted). If they do not suggest the Act was intended to create federal rights for the especial benefit of a particular class of persons, it is unnecessary to inquire into such other factors as whether availability of a private remedy would further the statutory purpose. *Id.* (citing *California v. Sierra Club,* 451 U.S. 287, 297–98, 101 S.Ct. 1775, 1781–82, 68 L.Ed.2d 101 (1981).

The Supreme Court has drawn a distinction between statutes whose language focuses on a right granted to a benefitted class of persons—where a private cause of action is generally found—and statutes framed as a general prohibition or command to a federal agency—where a cause of action is seldom implied. *Rapid Transit Advocates,* 752 F.2d at 376; *see also Universities Research Ass'n, Inc. v. Coutu,* 450 U.S. 754, 772, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981). In *Universities Research,* the Court held that no private right of action for back wages exists under a contract that has been administratively determined not to call for work subject to the Act because the Act did not confer rights directly on the employees but instead imposed obligations on federal contracting agencies. *Id.,* 450 U.S. at 772, 101 S.Ct. at 1462. In the words of the court, the statute was "simply 'phrased as a directive to federal agencies engaged in the disbursement of public funds.'" *Id.* (citations omitted).

Extending the logic of the Court's decision to the present situation—whether the Act creates an implied private right of action to enforce a contract that does contain Davis–Bacon Act specifications—this court finds that there is no private right of action under the Act because the Act did not confer rights directly on the employees. *See United States ex rel. Glynn v. Capeletti Bros.,* 621

F.2d 1309, 1313–18 (5th Cir.1980) (no private right of action under Davis–Bacon Act); *Weber v. Heat Control Co.,* 728 F.2d 599 (3rd. Cir.1984) (same); *Mosley v. Starr Electric Co.,* 542 F.Supp. 1032 (E.D.Tenn.1981) (same); *Sorensen v. Holman Erection Co., Inc.,* 1992 WL 281420, *7, 1992 U.S.Dist. LEXIS 15229, 17 (D.Or.1992) (same); *but see McDaniel v. University of Chicago,* 548 F.2d 689 (7th Cir.1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978) (finding that implying a private right of action in Act is necessary to effectuate the intention of Congress in passing the statute; however, the Seventh Circuit in *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226, 1240 n. 27 (7th Cir.1980) noted that the *McDaniel* decision had been rendered without the guidance of the subsequent pronouncements on the issue by the Supreme Court); *Norling v. Valley Contracting and Pre–Mix,* 773 F.Supp. 186, 189 (D.N.D.1991) (following Seventh Circuit decision in *McDaniel* ).

This conclusion is buttressed by the limited private cause of action contained in Section 3 of the Act. 40 U.S.C. § 276a–2(b). Section 3 authorizes an employee to file a claim against a Miller Act bond if the DOL has reached a determination that funds withheld by the Comptroller General were insufficient. This section indicates that Congress can create a private cause of action if it so chooses. Since Congress has not explicitly done so in Section 1 of the Act, the provision plead in the present case, the court must decline to do so as well.

Since Peatross' claim against Global concerns wages that he claims are due to him under the Act, Peatross has no private cause of action to bring his complaint against Global. Accordingly, the court has no jurisdiction in this action and the complaint must be dismissed.

## II. *Failure to Follow Procedural Prerequisites*

Since the court finds that there is no private right of action under the Act, the court need not address defendant's additional arguments for dismissal. The court does note, however, that plaintiff's response to this mo-

750

tion admits that the administrative determination of this matter has not been completed. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 3; Plaintiff's Ex. D.

## CONCLUSION

For the reasons given, the court GRANTS defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The complaint is dismissed without prejudice.

IT IS SO ORDERED.