**SHANDELMAN v. SCHUMAN.**

Civ. No. 10534.

United States District Court
E. D. Pennsylvania.

July 17, 1950.

Reuben Singer, of Philadelphia, Pa., for plaintiff.

15. Cohen v. City Co. of N. Y., 283 N.Y. 112, 117, 27 N.E.2d 803;  Carr v. Thompson, 87 N.Y. 160.

Irwin N. Rosenzweig, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was instituted under the Fair Labor Standards Act of 1938, as amended,[1] to recover alleged unpaid overtime compensation, an equal amount as liquidated damages, and the attorney's fee. It is now before me on the defendant's motion to dismiss a portion of the complaint as being barred by the statute of limitations, and on the defendant's motion to strike another portion of the complaint as being impertinent.

The complaint alleges that the defendant is engaged in the wholesale fruit and produce business for interstate commerce, that the defendant employed the plaintiff from August 1, 1947 to December 15, 1948 at a wage of $55 per week, that the plaintiff was required to work ninety hours per week during this period, and that under the provisions of the Fair Labor Standards Act the plaintiff should have been paid wages at the rate of $1.40 per hour for the first forty hours he worked in each week and $2.10 per hour for each hour he worked in excess of forty hours per week. The complaint was filed on January 25, 1950.

The defendant contends in his motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. that recovery on the portion of the complaint alleging damages accruing prior to January 26, 1948 is barred by the statute of limitations.

Section 7 of the Portal to Portal Act[2] provides that an action under the Fair Labor Standards Act of 1938, as amended, is commenced when the complaint is filed. Thus, this action now before me was commenced on January 25, 1950.

Section 6 of the Portal to Portal Act[3] establishes a two year statute of limitations for such action. This section reads, in part:

Sec. 6. "Statute of limitations. Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * *—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and *every such action shall be forever barred unless commenced within two years after the cause of action accrued.*" (Emphasis added.)

■ A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed. Reid v. Solar Corporation, D.C., 69 F.Supp. 626, 639; Keen v. Mid-Continent Petroleum Corporation, D. C., 63 F.Supp. 120, 129, affirmed 8 Cir., 157 F.2d 310, 316; Smith v. Continental Oil Co., D.C., 59 F.Supp. 91, 93.

■ The statute, in unequivocal, mandatory language, states that recovery on a cause of action which is more than two years old "shall be forever barred". Thus, the plaintiff can recover only that unpaid overtime compensation and liquidated damages which accrued on regular paydays falling on and after January 26, 1948.

The plaintiff contends in his brief that this statute of limitations was tolled on October 15, 1949 when the Wage and Hour Division under the Fair Labor Standards Act of 1938, as amended, began an investigation of this defendant and subsequently found a violation of that Act. I disagree.

■ Nothing has been called to my attention in either the Fair Labor Standards Act of 1938, as amended, or the Portal to Portal Act which indicates that this statute of limitations should be tolled or suspended for the reason advanced by the plaintiff.

1. Act of June 25, 1938, c. 676, § 16(b), 52 Stat. 1069, as amended by Act of May 14, 1947, c. 52, § 5(a), 61 Stat. 87, 29 U.S.C.A. § 216(b).

2. Act of May 14, 1947, c. 52, § 7, 61 Stat. 88, 29 U.S.C.A. § 256.

3. Act of May 14, 1947, c. 52, § 6, 61 Stat. 87, 29 U.S.C.A. § 255.

336

The investigation by the Wage and Hour Division in no way hampered or prevented the plaintiff from filing his complaint in order to preserve his claim. Cf. Smith v. Continental Oil Co., supra; DeLuca v. West 26th St. Corporation, 11 Labor Cases 63,255.

The statute of limitations is normally an affirmative defense to be raised by the answer. However, where it is obvious from the face of the complaint that no relief can be granted, this defense may be pleaded in a motion to dismiss. Drabkin v. Gibbs & Hill, Inc., D.C., 74 F.Supp. 758, 762; Rule 12(b) of the Federal Rules of Civil Procedure.

Therefore, the defendant's motion to dismiss a portion of the complaint will be granted.

In his motion to strike the defendant objects to the allegation in paragraph eight of the complaint which states that, "Under the provisions of said Act plaintiff should have received one dollar forty cents ($1.40) per hour for the first forty (40) hours, in each such work-week, and two dollars ten cents ($2.10) per hour for each hour in excess of forty (40) hours in such workweeks. Plaintiff was accordingly underpaid the sum of fifty (50) hours during each such workweek amounting to One hundred five ($105.00) during each such workweek, or Seven thousand three hundred fifty dollars ($7350.00) for the said period." The defendant contends that this is an incorrect statement of law, and as such it is impertinent and should be stricken under Rule 12(f).

It seems to me that this allegation is not a statement of law alone but a mixed statement of law and fact. If this is so, then the allegation should be allowed to stand so that the plaintiff may have the opportunity to attempt to prove it.

The trial judge, after hearing all the facts in this case will be in a much better position than I to determine the nature and validity of this allegation.

Therefore, I will deny the defendant's motion to strike the alleged impertinent matter.

In accordance with the foregoing opinion, the defendant's motion to dismiss that portion of the complaint alleging damages from August 1, 1947 to January 25, 1948, inclusive, is hereby granted. The defendant's motion to strike that part of paragraph eight of the complaint beginning "Under the provisions * * *" and ending " * * * for the said period" is hereby denied.