Elmo C. TATUM, Appellant,

v.

Charles GOLDEN, et al., Appellees.

No. 77–1556.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1978.

Decided Feb. 14, 1978.

Elmo C. Tatum, pro se.

William M. Carron, Des Moines, Iowa, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Elmo C. Tatum appeals from a second dismissal of his *pro se* civil rights complaint. He seeks declaratory, injunctive and monetary relief against officials of the United Methodist Church for his dismissal, without procedural safeguards, from his parish and from the United Methodist Church. He also alleged that the church discriminates against black ministers in assignments to parishes, transfers and dismissals.

In October of 1976, in an unpublished opinion, this court affirmed the dismissal of Tatum's claim under 42 U.S.C. § 1983 because he failed to allege state action. However, we reversed the dismissal of his claim under 42 U.S.C. § 1981, because an allegation of state action is not a prerequisite to a claim of racial discrimination under that statute.

On remand, the district court denied Tatum's motions for disqualification of the district court judge and for summary judgment. It granted the defendants' motions

to dismiss on the grounds that the claim was barred by the applicable state statute of limitations and that venue was improper. We find that the applicable statute of limitations bars Tatum's claim, and affirm the dismissal.

██ Because "there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railroad Express Agency,* 421 U.S. 454, 463, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). We agree with the district court that the most appropriate Iowa statute of limitations is Iowa Code Ann. § 614.1(4), which applies to actions founded on unwritten contracts and to "all other actions not otherwise provided for in this respect." It has been construed by the Iowa courts to include actions on liabilities created by statute. *See Preston v. Howell,* 219 Iowa 230, 250, 257 N.W. 415, 425 (1934). Tatum filed his complaint on June 11, 1976, and exhibit A to his complaint reveals that he was dismissed in 1968. Therefore, the five-year period of limitations provided for in § 614.1(4) bars his claim.

██ Tatum's allegation that the defendants "lulled" him into not filing suit was not presented to the district court, is contradicted by the record, and does not constitute equitable estoppel under Iowa law. *Cf. DeWall v. Prentice,* 224 N.W.2d 428, 432 (Iowa 1974).

The judgment is affirmed.