262

EXHIBIT A

BAYBROOK DEVELOPMENT CO., INC.,
a corporation, Plaintiff,

v.

ORIENT HANDEL, INC., a corporation
and Nassir E. Shokrian, Lotfollah Shok-
rian, and Hashem M. Kermani, individu-
ally, Defendants.

No. 82–0909–C(C).

United States District Court,
E.D. Missouri, E.D.

April 11, 1983.

Burton Newman, St. Louis, Mo., for plaintiff.

J. Dennis O'Leary, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon plaintiff's motion to alter or amend judgment. For the reasons set forth below, this motion will be denied.

Plaintiff brought this action against defendants alleging breach of contract. Plaintiff sought to recover actual damages in Counts I and III of its amended complaint. Those counts have been settled by the parties. In Count II of its complaint, plaintiff seeks to recover consequential damages allegedly sustained by it as a result of defendants' breach of contract. By Order dated March 4, 1983, this Court granted summary judgment to defendants on Count II of plaintiff's complaint and dismissed that cause of action. Plaintiff seeks reconsideration of that Order herein. This Court declines to do so for the following reasons.

■ In Missouri an injured party may recover damages for breach of contract as follows: 1) actual damages which are the direct and natural consequences of the breach; and 2) damages which were in the contemplation of the parties at the time they made the contract, as a probable result of the breach. *Lamb v. Amalgamated Labor Life Insurance Co.,* 602 F.2d 155, 159 (8th Cir.1979).

This Court has previously held that the consequential damages which plaintiff seeks are not the direct and natural result of defendants' alleged breach as defined by Missouri law. Plaintiff does not seek and the Court will not reconsider its holding on

that issue. Plaintiff apparently seeks reconsideration, however, on the ground that recent deposition testimony casts doubt on this Court's ruling that such damages were not in the contemplation of the parties at the time they entered into the contract. The Court does not believe that the deposition testimony requires reconsideration of its earlier ruling.

■ Plaintiff asserts in its complaint that all of its obligations under the contract were completed on or about April 1, 1982. Plaintiff's president testified in his deposition that he did not communicate to defendants that a delay in payment would impair his ability to do business or impair his credit rating until sometime in April, 1982. The deposition testimony submitted by plaintiff simply does not refute this statement. It remains undisputed, therefore, that defendants were not on notice of any special facts giving rise to plaintiff's claim for consequential damages at the time the contract was created. Accordingly, plaintiff's motion to alter or amend judgment will be denied.