**Oran HARTT, Plaintiff,**

v.

**UNITED CONSTRUCTION CO., INC., and United Equipment Co., Inc., Defendants.**

**No. 87–4030–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

March 3, 1987.

Patrick Woodley, Warsaw, Mo., for plaintiff.

Charles Svoboda, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Plaintiff brought this action pursuant to the Davis-Bacon Act, 40 U.S.C. § 276a et seq., and the Contract Work Hours and Safety Standards Act, 40 U.S.C. § 327 et seq., against defendants who employed plaintiff between March, 1978, and November, 1980, on a federal contract. Plaintiff is seeking to recover unpaid minimum wages due him and other similarly situated employees. Pending before the Court is defendants' motion to dismiss which raises the issue of the statute of limitations. Plaintiff concedes that the Portal-to-Portal Act, 29 U.S.C. § 255[1] establishes a two-year statute of limitations in this case. For the following reasons, the Court holds that the statute has run and this case is barred.

The last date of plaintiff's employment with the defendants was November, 1980, yet this suit was not filed until January 20, 1987. Plaintiff argues that it wasn't until March 31, 1986, when he received a letter from his Congressman that it became clear that the accrued payments withheld by the government were insufficient to reimburse him for the underpaid wages; therefore, the statute should not start running until March 31, 1986, and, consequently, the action is timely. The only case law cited for this proposition is *Lamb v. Amalgamated Labor,* 602 F.2d 155 (8th Cir.1979), but that case was applying Missouri law to comparable Missouri statutes of limitations. In the present case, the Court has a federal statute to apply.

It has long been held that under 29 U.S.C. § 255 a cause of action "accrues" at each regular payday immediately following the work period during which the services were rendered and for which the compensation is claimed. *Dunlop v. State of Rhode Island,* 398 F.Supp. 1269, 1286 (D.R. I.1975); *Shandelman v. Schuman,* 92 F.Supp. 334, 335 (E.D.Pa.1950). The fact that the defendants were involved in administrative proceedings, or had filed a Court of Claims suit, does not toll the statute of limitations. As the Court held in *Shandelman, supra,* those activities "in no way hampered or prevented the plaintiff from filing his complaint in order to preserve his claim." *See also Jackson v. Alcan Sheet & Plate,* 462 F.Supp. 82, 87 (N.D.N.Y.1978). Any amount plaintiff received from the government would simply

---

1. Section 255 reads in pertinent part:
   Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime wages, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healy Act, or the Bacon-Davis Act—

   (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued....

have mitigated the damages awarded under 40 U.S.C. § 276a.[2]

The Court is aware that this strict reading of the statute works a hardship on plaintiff. This was indicated by the Supreme Court in *Universities Research Ass'n v. Coutu,* 450 U.S. 754, 782 n. 34, 101 S.Ct. 1451, 1467 n. 34, 67 L.Ed.2d 662 (1981), when it noted the Senate debate on the Portal-to-Portal Act: "Senator McGrath argued that the 2–year statute of limitations was unfair to workers, since the 'administrative procedures which are necessary to determine the validity of the workman's claims for work wages under the Davis-Bacon Act frequently take a considerable length of time which may very easily run for a period of more than 2 years.'" Nevertheless, the 2–year statute *did* pass and "Congress' concern was to foreclose the possibility of portal-to-portal suits for back wages under contracts that did contain Davis-Bacon Act provisions." *Id.* at 782, 101 S.Ct. at 1467.

■ While the statute of limitations is normally an affirmative defense to be raised by the answer, where it is obvious from the face of the complaint that no relief can be granted, this defense may be pleaded in a motion to dismiss. *Shandelman,* 92 F.Supp. at 336. Here, it is clear that plaintiff should have filed his suit by November, 1982, and as he did not, he is forever barred from recovering under 40 U.S.C. § 276a.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is granted.

---

**2.** The Court agrees with plaintiff that a private cause of action exists under this statute as explained in *McDaniel v. Univ. of Chicago,* 548 F.2d 689 (7th Cir.1977), but it must be exercised in a timely manner.