Anthony NORLING, Plaintiff,

v.

**VALLEY CONTRACTING AND PRE–MIX, et al., Defendants.**

Civ. No. A2–89–23.

United States District Court,
D. North Dakota,
Northeastern Division.

June 11, 1991.

Ward K. Johnson, III, William Edward Thoms, Spaeth, Thelen & Johnson, Grand Forks, N.D., for plaintiff.

Howard D. Swanson, Letnes, Marshall, Fiedler & Clapp, Ltd., Grand Forks, N.D., for defendants.

## MEMORANDUM AND ORDER

WEBB, District Judge.

Before the court is the defendants' motion to dismiss for lack of personal and subject matter jurisdiction.

### Background

In June of 1986 the plaintiff, Anthony Norling, worked as a cement truck driver for the defendants, Valley Contracting and Pre–Mix, a construction subcontractor and cement vendor engaged in a federal construction project at the Grand Forks Air Force Base. While hauling cement the plaintiff says he was told by the Corps of Engineers that his wages were not sufficient for a federal job. The plaintiff claims he made further inquiry into the matter, was branded a troublemaker and fired.

On February 2, 1989, the plaintiff sued the defendants for noncompliance with the Davis–Bacon Act [1], wrongful termination of employment, and negligent infliction of emotional distress. A summons and complaint were served upon the defendants by mailing a copy to their place of business. The summons was improper. It was issued in conformance with the North Dakota Rules of Civil Procedure rather than the Federal Rules, i.e., it was not issued or signed by the clerk of court pursuant to Rule 4(b), Fed.R.Civ.P. On February 10,

---

1. 40 U.S.C. §§ 276a *et seq.*

the plaintiff filed his complaint in federal court and a proper summons was issued by the clerk of court to the plaintiff for service upon the defendants.

After receiving the complaint and improper summons the defendants retained counsel and served an answer on the plaintiff on February 15. The answer did not raise the issue of insufficiency of service of process, or lack of personal jurisdiction as a result thereof. Settlement discussions between the parties took place from February through June of 1989.

Meanwhile, no proof of service of the summons was filed by the plaintiff and no answer filed by the defendants with the clerk of court. Finally, on August 21, the clerk notified the plaintiff that proof of service had not been received in conformance with Rule 4(j) of the Federal Rules. On August 28, 1989, more than 120 days after the summons was issued, proof of service was filed with the court indicating service upon the defendants' law firm rather than upon the defendants.

A year passed without any activity in the file. On September 4, 1990, the original answer was finally filed. A Rule 16(b) pretrial conference was held on October 11, 1990. The notes of the pretrial conference do not indicate that the issue of improper service was raised by the defendants.

On November 6, 1990, the court granted the defendants leave to amend their answer pursuant to the parties' stipulation. The amended answer raised the issues of insufficiency of service of process and lack of personal jurisdiction for the first time, but did not specifically refer either to the improper original summons or to service of the second summons upon the defendants' law firm.

On February 19, 1991, the deadline for dispositive motions, and more than two years after a complaint ѡas served and answered in the case, the defendants brought this motion to dismiss for lack of personal jurisdiction as a result of insufficient service, and for lack of subject matter jurisdiction.

### Personal Jurisdiction

■ The defendants' arguments on lack of personal jurisdiction due to insufficient service focus on the summons that was served in August of 1989 on the defendants' law firm. They argue that the August 1989 service upon their law firm is insufficient because the firm was not authorized by law or otherwise to accept service for the defendants. The court need not reach that issue, however, because the court holds that the defendants have waived any defense of insufficient service of process.

The facts of this case are analogous in some respects to those in *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092 (2nd Cir.1990). In that case the plaintiff (Santos) delivered a summons and complaint to the defendant's attorneys on August 2, 1985, in an action filed in Bankruptcy Court. The defendant (State Farm) served an answer and amended answer soon after on August 30 and September 19, respectively. *Santos*, 902 F.2d at 1093. Although both answers raised lack of personal jurisdiction as a defense, neither mentioned the defense of insufficient service of process as a result of service upon State Farm's attorneys rather than State Farm itself. *Id.* at 1093.

In April 1986 the plaintiff's bankruptcy petition was dismissed, and in November 1986 Santos served a copy of the original summons and complaint on the State of New York Insurance Department. *Id.* State Farm thereafter served another answer which did not raise the defense of lack of personal jurisdiction. *Id.*

Finally, in May 1987, nearly two years after the original summons and complaint were served and answered, State Farm moved to dismiss, arguing that the August 1985 service was insufficient and the November 1986 service was outside the relevant statute of limitations. *Id.*

Under the circumstances of the case, the Second Circuit held that State Farm had waived any defense of insufficiency of service of process. *Id.* at 1095. The court commented:

Here State Farm did nothing to alert Santos promptly that its lack-of-jurisdiction claim was in fact a contention that service of process was insufficient. Its attorneys made no attempt to communicate to Santos informally in 1985 that they were not authorized to accept process for State Farm. State Farm did not promptly make a motion to vindicate its claimed defense; its first mention of insufficient service was in the spring of 1987. Its May 1987 motion, brought nearly two years after the ineffective service, was made well after the limitations period had expired. A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.

*Santos,* 902 F.2d at 1096.

Likewise, in this case, the defendants did nothing in February of 1989 when they first answered the complaint to alert the plaintiff that service of the summons was ineffective. The first answer does not raise the issue. The defendants' attorneys made no attempt in August of 1989, when the second summons was served on the law firm, to communicate to the plaintiff that they were not authorized to accept process for the defendants. The defendants did not promptly make a motion to address the claim of insufficient service; the first mention of the defense was in the fall of 1990 in the amended answer [2] and a motion was not made until February 1991, over two years after the ineffective service.

Further, the defendants did not alert the plaintiff of the claim of insufficient service at the pretrial conference held in October of 1990, and raised the issue only after the plaintiff agreed to allow an amended answer.

The Rules are to be construed so as to do substantial justice. *Santos,* 902 F.2d at 1096. In this case, the plaintiff's February 1989 service accomplished what it was intended to do, i.e., afford the defendants notice of the action against them, and the defendants cannot seriously contend that they have been subject to any substantial injustice. *See Hawkins v. Department of Mental Health,* 89 F.R.D. 127, 128 (W.D.Mich.1981). Indeed, under the circumstances of the present case it would be a perversion of the purpose of the Rules to dismiss on the ground of insufficient service. The court holds that any defense of insufficient service of process or lack of personal jurisdiction as a result thereof has been waived by the defendants.

### Subject Matter Jurisdiction

■ This case presents the general question whether there is an implied private cause of action for back wages on a contract that contains Davis–Bacon Act provisions. The two circuits that have addressed the issue disagree. *Compare McDaniel v. University of Chicago,* 548 F.2d 689 (7th Cir.1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978) (recognizing implied private cause of action) *with United States ex rel. Glynn v. Capeletti Bros.,* 621 F.2d 1309 (5th Cir. 1980) (no private cause of action). In 1981, the Supreme Court declined to decide the issue. *See Universities Research Ass'n v. Coutu,* 450 U.S. 754, 769, 101 S.Ct. 1451, 1460, 67 L.Ed.2d 662 (1981). The district courts that have addressed the issue subsequent to *Coutu* have also disagreed. *Compare Weber v. Heat Control Co.,* 579 F.Supp. 346 (D.N.J.1982), *aff'd,* 728 F.2d 599 (3rd Cir.1984) (no private cause of action) *with Hartt v. United Construction Co.,* 655 F.Supp. 937 (W.D.Mo.1987), *aff'd,* 909 F.2d 508 (8th Cir.1990) (recognizing private cause of action).

The plaintiff also claims in his brief that suit on a payment bond under the Miller

**2.** Although the amended answer raised the defenses of lack of personal jurisdiction and insufficiency of service of process, it failed to point out specifically in what manner the plaintiff failed to satisfy the requirements of service. *See Santos,* 902 F.2d at 1095 (basis for lack of personal jurisdiction as a result of insufficient service should be clearly specified).

Act[3] was unavailable in this case, and no payments were withheld by the government under the contract to pay laborers[4]. Thus, more specifically, this case presents the question whether a private cause of action should be implied under the Davis–Bacon Act when the explicit remedies provided therein are unavailable.

This court has carefully considered the specific issue raised in this case, and agrees with and relies upon the reasoning and analysis of the 7th Circuit in *McDaniel* in holding that a private cause of action exists under the Davis–Bacon Act when, as in this case, the express protections provided by the Act are unavailable. *McDaniel,* 548 F.2d at 692–95. The court, in its discretion, will retain jurisdiction over the pendent state law claims raised by the plaintiff.

Therefore,

IT IS ORDERED that the defendants' motion to dismiss (docket entry # 17) is DENIED.

---

**3.** *See* 40 U.S.C. § 270b(a). For a discussion of the relationship between the Davis–Bacon Act provisions and the right of action on a Miller Act bond, see *McDaniel v. University of Chicago,* 512 F.2d 583, 585–86 (7th Cir.), *vacated & remanded on other grounds,* 423 U.S. 810, 96 S.Ct. 20, 46 L.Ed.2d 30 (1975).

**4.** *See* 40 U.S.C. §§ 276a(a) and 276a–2 (authorizing government to pay laborers from withheld funds).