Peter John **GRZESKOWIAK**, Plaintiff,

v.

**DAKOTA BRIDGE BUILDERS**, and Gary Reveling, Defendants.

No. A2–02–103.

United States District Court,
D. North Dakota,
Northeastern Division.

Jan. 17, 2003.

---

Peter John Grzeskowiak, Warsaw, ND, for Plaintiff.

Stephen W. Plambeck, Joel M. Fremstad, Nilles, Hansen & Davies, Ltd., Fargo, ND, for Defendant.

## MEMORANDUM AND ORDER

WEBB, District Judge.

## I. INTRODUCTION

Defendants, Dakota Bridge Builders and Gary Reveling (together, hereinafter referred to as "Dakota"), bring a motion to dismiss the complaint for lack of service of process, lack of timely filing, and lack of a private right of action, among other reasons (doc. # 6). Plaintiff resists all attempts to dismiss the complaint, and brings forth motions for default judgment and summary judgment (docs # 12, # 13).

As articulated below, Defendants' motion to dismiss is GRANTED.

## II. FACTS

The facts are disputed, but according to the plaintiff's complaint Dakota hired the plaintiff on July 14, 1996 to perform carpenter related duties. According to the plaintiff, he was not paid a carpenter's prevailing wage as required by the Davis–Bacon Act. In August 1996, the plaintiff claims he was laid off when he approached Dakota about the proper wage.

The plaintiff then contacted the Minnesota Department of Transportation (MNDOT), which filed a complaint on his behalf. MNDOT investigated the plaintiff's claim and, on June 1, 1998, awarded him $1,721.50, less legal deductions. The plaintiff, however, refused to accept this amount and requested an administrative hearing on the matter.

## III. DISCUSSION & LEGAL ANALYSIS

The plaintiff claims a violation of the Davis–Bacon Act. Dakota moves to dismiss the plaintiff's cause of action because (1) there was insufficient service of process; (2) the Davis–Bacon Act does not create a private right of action; (3) the statute of limitations period has expired; and (4) other reasons that the Court need not address in this Order.

### A. Service of Process

■ Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure govern the service of process requirements for individuals and corporations. The rules provide for service of process by mail in accordance with laws of the state in which the district court is located, unless a waiver of service is obtained and filed. See Fed. R.Civ.P. 4(e) & 4(h) (2002). Despite the

plaintiff's contentions, the record does not indicate that a waiver of service has been filed. Therefore, in order to prevail, the plaintiff must have given appropriate service of process as described in the North Dakota Rules of Civil Procedure. For proper service, Rule 4(d)(2)(A)(v) requires a receipt signed by the defendants and an acknowledged delivery.

The record contains a certified mail "green card" from the United States Postal Service indicating that documents were mailed to the defendants; however, the record is absent any document acknowledging receipt of service as required by the rule. See N.D. R. Civ. P. 4(d)(2)(A)(v). As the court in *Dahl v. Kanawha Invest. Holding Co.*, 161 F.R.D. 673, 682 (N.D.Iowa 1995) stated:

Although the certified mail "green cards" may indicate actual notice of this lawsuit, actual notice does not dispense with the requirements for proper service of process.... If actual notice could substitute for proper service of process, it would be nonsensical for the Federal Rules of Civil Procedure to provide for a motion to dismiss based on insufficiency of service of process, Fed.R.Civ.P. 12(b)(5), because no such motion could be filed without actual notice of the lawsuit. Thus, actual notice of this lawsuit by defendants does not substitute for adequate service of process, and the grounds for dismissal pursuant to Fed.R.Civ.P. 12(b)(5) are present here.

*Id.*

In sum, the Court has no jurisdiction over the defendants unless or until service of process is effectuated. Rule 12(b)(5) of the Federal Rules of Civil Procedure requires this Court to dismiss the claim against the defendants because of insufficiency of the service of process.

**B.  Private Right of Action Under Davis–Bacon**

■ Even if service of process was sufficient, the plaintiff does not have a private right of action under the Davis–Bacon Act. To reach this conclusion, the Court must distinguish one of its previous decisions. In *Norling v. Valley Contracting and Pre–Mix*, 773 F.Supp. 186, 188 (D.N.D.1991), this Court held that there was an implied private cause of action contained in the Davis–Bacon Act. This Court recognized that two circuits disagreed on the issue, but chose to follow the Seventh Circuit's decision in *McDaniel v. University of Chicago*, 548 F.2d 689 (7th Cir.1977). *Id.*

The defendants now request this Court to reconsider the issue in light of the Seventh Circuit's decision in *Simpson v. Reynolds Metals Co. Inc.*, 629 F.2d 1226 (7th Cir.1980), and the Supreme Court's decision in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). In Simpson, the Seventh Circuit cast doubt on *McDaniel* stating that its decision in that case was made without the Supreme Court's guidance in *Cannon*. *Simpson*, 629 F.2d at 1240 n. 27. However, these cases were available to the Court when it made its ruling in *Norling*. Thus, the Court declines to reconsider its decision based on these cases.

The Court, nevertheless, notes that in most instances a private right of action does not exist under the Davis–Bacon Act.

Norling was the exception, rather than the rule. In Norling, this Court limited its decision to instances where the express protections provided by the Act are unavailable. *Norling*, 773 F.Supp. at 189 (citing *McDaniel*, 548 F.2d at 692–95). The present case is distinguishable from Norling in that the protections of the Davis–Bacon Act were available to the plaintiff. MNDOT investigated his claim, and it awarded him money damages. Because the plaintiff's Davis–Bacon rights

were adequately addressed by MNDOT,[1] he does not have a private right of action.

### C. Statute of Limitations

█ Even if process was sufficient and a private right of action recognized, Plaintiff's action is time-barred. Actions under the Davis–Bacon Act must be filed within two years of the time a cause of action accrues, or within three years if the claim involves willful conduct. 29 U.S.C. & sect; 255. "[A] cause of action accrues at each regular payday immediately following the work period during which services were rendered and for which compensation is claimed." *Hartt v. United Construction Co.*, 655 F.Supp. 937, 938 (W.D.Mo.1987).

In the case at bar, Plaintiff last worked for the defendants in August of 1996; thus, Plaintiff's claim must have been filed by August of 1999, at the latest. The fact Plaintiff was involved in an administrative proceeding does not toll the statute of limitations. See *id.*; *Cf. Unexcelled Chemical Corp. v. United States*, 345 U.S. 59, 66, 73 S.Ct. 580, 97 L.Ed. 821 (1953) (ruling that the Portal–to–Portal Act statute of limitations is tolled only when a court action is filed, not by the commencement of an administrative proceeding). Even if the administrative proceedings did toll the statute of limitations period, MNDOT issued its final decision on June 1, 1998. Thus, at the latest, Plaintiff should have filed his claim by June 1, 2001.

Despite Plaintiff's best efforts to argue otherwise, his claim is time-barred. The six year statute of limitations period cited by Plaintiff in his brief is applicable only to general contract cases, not to claims arising under the Davis–Bacon Act. See 29 U.S.C. & sect; 2415. Plaintiff's effort to toll the statute of limitations period until September 1999 is similarly unpersuasive, and it is rejected. Plaintiff's claim fails not only because of insufficient service, lack of a private right of action under the Davis–Bacon Act, but also for a third, independent reason-that the claim is time-barred by the statute of limitations.

### IV. CONCLUSION

Defendant's motion to dismiss is GRANTED (doc. # 6). Plaintiff's motions for default judgment and summary judgment are DENIED AS MOOT (doc. # 12, # 13). Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED

---

1. The fact that the matter was not addressed to the plaintiff's complete satisfaction is irrelevant. It is a rare occurrence in law where one's grievance is satisfied completely.