Charles E. **WEBER**, Plaintiff, pro se,

v.

**HEAT CONTROL CO.**, Defendant.

Civ. A. No. 82–83.

United States District Court,
D. New Jersey.

Dec. 17, 1982.

Charles E. Weber, plaintiff, pro se.

James C. Richardson, Richardson & O'Connor, (A Professional Corp.), Watchung, N.J., for defendant.

## OPINION

DEBEVOISE, District Judge.

Plaintiff Charles E. Weber instituted this suit on January 8, 1982 alleging that defendant Heat Control Company violated the Davis-Bacon Act, 40 U.S.C. § 276a et seq., by failing to pay the prevailing wages for insulation work performed by the plaintiff. The defendant now seeks summary judgment in its favor on the grounds that the plaintiff lacks a private right of action under the Davis-Bacon Act ("Act"), that the plaintiff is an independent subcontractor and, therefore, falls outside the scope of the Act, that I lack jurisdiction to determine the plaintiff's worker classification under the Act, and, finally, that plaintiff's rights are determined by his oral contract with the defendant.

In order to prevail on a motion for summary judgment, the moving party must make an affirmative showing based on the pleadings, depositions, interrogatories, admissions on file and uncontested exhibits that "there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." Rule 56, Fed.R.Civ.P. The opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response must set forth specific facts showing ... a genuine issue for trial." DeLong Corporation v. Raymond International Inc., 622 F.2d 1135 (3d Cir.1980). All inferences drawn from the evidentiary sources provided by the parties must be made in favor of the party opposing the motion. Small v. Seldow's Stationery, 617 F.2d 992 (3d Cir. 1980).

The undisputed facts are as follows:

Defendant Heat Control Company contracted with the United States Government for the insulation of roof areas at the Veterans Administration Medical Center in Lyons, New Jersey. During the performance of this VA contract, the defendant made an oral agreement with the plaintiff Charles E. Weber. In this oral contract, the parties agreed that the plaintiff would receive eight dollars per hour, plus expenses for material supplied, for insulating the attic at the Veterans Administration Medical Center. The plaintiff worked on this insulating job from January to March 1980 in accordance with United States Government stipulations, and the defendant paid him $2,159.20 for his labor and materials.

In his complaint, the plaintiff alleges that he is entitled to additional wages from the defendant pursuant to the Davis-Bacon Act, 40 U.S.C. § 276a. The plaintiff claims that the defendant assured him that the minimum wage for all insulating positions was $8.00 per hour, and on that basis, he agreed to work on the job. Three days after he began work under his oral contract, the nozzleman left, and the plaintiff took over his position.

The plaintiff contends that after he completed his work, he discovered that the minimum wage for helpers was $9.42 per hour and for asbestos blowers $14.93 per hour. He instituted this law suit after Norman Schultz, the President of the defendant Heat Control Company, refused to pay him the difference in wages. The plaintiff requests that I order the defendant to provide records of hours on his contract job and pay the plaintiff $1.42 per hour for the first three days of his work for the defendant and $6.93 per hour for the remainder of his work time with the defendant.

The first question to be addressed is whether the Davis-Bacon Act, 40 U.S.C. § 276a et seq., confers a private right of action for back wages. If this question is answered negatively, there will be no need to address the other issues raised by the

defendant in this summary judgment motion.

*Private Right of Action*

The Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, does not specifically provide for a private right of action for back pay. While plaintiff cites 40 U.S.C. § 276a–2(b) for the proposition that a private right of action does exist, this provision of the Davis-Bacon Act is available only when a plaintiff alleges that the Comptroller General of the United States withheld insufficient payments from the contractor and, therefore, was unable to reimburse laborers and mechanics pursuant to the contractor's contract. *United States v. Capeletti Bros. Inc.*, 621 F.2d 1309, 1315 (5th Cir.1980). This narrow provision of the Davis-Bacon Act is not applicable in this suit.

The Third Circuit has not had an opportunity to address the question of whether a private party has a right of action for back wages under the other provisions of the Davis-Bacon Act. The Supreme Court in *Universities Research Ass'n Inc. v. Coutu*, 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981), held that no private right of action for back wages exists under a contract that has been administratively determined not to call for work subject to the Davis-Bacon Act. *Id.* at 767–768, 101 S.Ct. at 1459–60. However, the Court declined to decide the question which is present in this case, namely, whether the Act creates an implied private right of action to enforce a contract that does contain Davis-Bacon Act specifications. *Id.* at 769, 101 S.Ct. at 1460. The Fifth Circuit in *United States v. Capeletti Bros. Inc., supra,* did reach this question and held that no implied private right of action for back wages exists. *Id.* at 1317. Earlier the Seventh Circuit had reached an opposite result in *McDaniel v. University of Chicago*, 548 F.2d 689, 692–93 (7th Cir. 1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978). The holding in *McDaniel* formed the basis of the decisions of the district court and the court of appeals in *Universities Research Ass'n Inc. v. Coutu.* The judgment of the court of appeals in *Universities Research* was reversed and remanded by the Supreme Court. Moreover, in *Simpson v. Reynolds Metals Co. Inc.*, 629 F.2d 1226 (1980), the Seventh Circuit, examining language similar to that found in the Davis-Bacon Act, held that no private right of action existed. In a footnote the court cast some doubt upon the continued validity of its decision in *McDaniel v. University of Chicago, supra,* at 1240 n. 27.

■ In determining whether a private remedy is implicit in the Davis-Bacon Act, it is necessary to consider the four factors outlined in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

> First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,'—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (citations omitted).

Both the *McDaniel* case and the *Capelletti* case performed this analysis, reaching opposite conclusions. I believe *Capelletti*, finding no private right of action, is the better reasoned opinion, and I will follow both its analysis and its result. The Supreme Court decision in *Universities Research*, while not directly in point, provides some support for this result.

It follows that the plaintiff does not have a private right of action under the Davis-Bacon Act.

■ Plaintiff asserted, in his oral argument, that even if he lacks a private right of action under the Act, his contract with the defendant provided for Davis-Bacon wages, and he, therefore, has a right to

enforce his employment contract. However, the federal court is not the proper forum for plaintiff to enforce his contractual rights. Since the federal claim arising under the Davis-Bacon Act, 40 U.S.C. § 276a *et seq.*, has been dismissed, this Court is without subject matter jurisdiction to interpret and enforce a contract between two New Jersey parties.

For the foregoing reasons, defendant's motion for summary judgment will be granted. Plaintiff, of course, is free to seek either administrative relief against the defendant from the Department of Labor or contractual relief in the New Jersey state courts.

Defendant's attorney is requested to present a form of order implementing this opinion.