**Charles E. WEBER, Appellant,**

v.

**HEAT CONTROL CO.**

**No. 83–5054.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 17, 1984.
Decided March 7, 1984.

Charles F. Weber, pro se.

Richardson & O'Connor, Gregory A. Molyneux, Watchung, N.J., for appellee.

Before HUNTER, HIGGINBOTHAM and SLOVITER, Circuit Judges.

### MEMORANDUM OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Plaintiff-appellant, Charles E. Weber, brought this action in the United States District Court for the District of New Jersey, alleging that the defendant, Heat Control Co., violated the Davis-Bacon Act, 40 U.S.C. § 276a, et seq. (the Act) in that it failed to pay prevailing wages for insulation work which Weber had performed for Heat Control Co. in connection with that company's contract with the government for roof insulation at the Veterans Administration Medical Center in Lyons, New Jersey.

The defendant moved for summary judgment on the ground that the Davis-Bacon Act did not create a private right of action and that the plaintiff, as an independent sub-contractor, fell outside of the scope of the Act. It was further asserted that plaintiff's rights were to be determined by oral contract.

The district court was thus presented with the question of whether or not the Act creates an implied private right of action to enforce a contract that does contain Act specifications.

■ The district court, after a careful analysis, granted summary judgment to the defendant, holding that the plaintiff was not possessed of a private right of action.[1] Judge Debevoise's opinion, *Weber v. Heat Control Co.*, 579 F.Supp. 346 (D.C.N.J. 1982), fully reviews the statutory background and case law.

1. Having dismissed the federal claim, the court held that it was without subject matter jurisdiction relative to the alleged oral contract. We agree.

■ We affirm for the reasons stated by Judge Debevoise.