811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis M. BANE, David B. Bonsal, Joseph Braglio, Jr., Thomas
G. Brantley, Jr., George Brown, III, Marion Calp, Jr.,
Walter E. Calp, Austin V. Calp, Louis B. Clark, Terry R.
Cullison, Gordon Davis, Mark L. Ditzel, Henry Drumwright,
Russell E. German, Harry D. Hadel, Nathan Hargrave, Jr.,
Michael D. Johnson, Richard A. Leonard, Arlynne Dixon, James
T. Moose, Allen L. Myers, George H. Myers, Gary M. Nevins,
Edward W. Peach, Walter Peach, Jr., Alonzo E. Peters,
Wilburn C. Peters, James Platt, C. Russell Proescher, Steven
Ruby, James E. Rudasill, Ricky Ryan, Wyman D. Sanderson,
Thomas J. Seibold, Davis Sies, Charles R. Sies, Philip M.
Shifflett, Michael R. Short, David Simms, Thomas R. Skaggs,
Carl E. Smith, Floyd W. Smith, Gary L. Smith, Thomas E.
Swem, David Unkart, Francis H. Warns, Douglas L. Wilder,
Jeff Williams, Appellants,
v.
RADIO CORPORATION OF AMERICA, Appellee.
 No. 86-2036.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Feb. 2, 1987.
 
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Stanford H. Franklin (Rocklin, Franklin & Schapiro, on brief), for appellant.
 Kevin Charles McCormick (Marc S. Rosen) Whiteford, Taylor & Preston, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Appellants, participants in a Job Corps Training Program, appeal the dismissal of their private suit against Radio Corporation of America (RCA) for violation of the minimum wage provisions of the Davis-Bacon Act, 40 U.S.C. Secs. 276a et. seq. Although the appellants had pursued their administrative remedy through the Department of Labor and received some relief, they contend that additional money is due that cannot be reached through an administrative route, and, therefore, they are entitled to prosecute this action as one necessarily implied under the Davis-Bacon Act.[1]
 
 
 2
 In United States ex rel. Glynn v. Capeletti Brothers, Inc., 621 F.2d 1309 (5th Cir.1980), the court concluded that there is no implied right of private action under the Davis-Bacon Act. Applying the factors enunciated in Cort v. Ash, 422 U.S. 66 (1975), as refined in Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560 (1979); and Cannon v. University of Chicago, 441 U.S. 677 (1979), the court in Capeletti determined that (1) although the Act was passed for the benefit of the plaintiff class, the benefits were derived indirectly and not as a result of any right conferred directly on the class; (2) there was no legislative intent to create a private action; and (3) no private right of action was necessary because administrative remedies were available through the Department of Labor. This analysis was later accepted by the Third Circuit in Weber v. Heat Control Co., 579 F.Supp. 346 (D.N.J.1982), aff'd. mem., 728 F.2d 599 (3d Cir.1984). But see McDaniel v. University of Chicago, 548 F.2d 689 (7th Cir.1977), cert. denied, 434 U.S. 1033 (1978).
 
 
 3
 We agree with Capeletti and we therefore follow its holding that there is no implied right of private action under the Davis-Bacon Act. Accordingly, the judgment of the district court is
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Under the Miller Act, 40 U.S.C. Secs. 270a et. seq., the employer had to post a performance bond. Additionally, under Section 1 of the Davis-Bacon Act, the agency could withhold payments to the program sponsor to ensure adequate wage payments. In this case any bond and withheld payments that may have existed have been exhausted, leaving no funds for an administrative remedy