**DOREY ELECTRIC CO., Plaintiff,**

v.

**PITTMAN MECHANICAL CONTRACTORS, INC. and Reliance Insurance Co., Defendants.**

Civ. A. No. 91–332–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 16, 1992.

Patrick H. O'Donnell, Norfolk, Va., for Dorey Elec. Co.

Richard S. Gordon, Norfolk, Va., Richard W. Schwartzman, Washington, D.C., for Reliance Ins. Co.

## MEMORANDUM OPINION
### AND ORDER

PRINCE, United States Magistrate Judge.

This matter comes before the Court on the cross motions of plaintiff Dorey Elec- tric Company ("Dorey") and defendant Re- liance Insurance Company ("Reliance") for Summary Judgment. The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on March 26, 1992, at which Dorey was repre- sented by Patrick H. O'Donnell, Esquire, and Reliance was represented by Richard S. Gordon, Esquire, and Richard W. Schwartzman, Esquire.

### STATEMENT OF THE CASE

*A. Factual Background*

In June 1988, the United States Depart- ment of the Navy ("Navy") awarded to Dorey Electric Company a contract ("Prime Contract") for the repair of two piers at the Norfolk Naval Station. As required by law, the prime contract contained a stipula- tion that the primary contractor, in this case Dorey, and all subcontractors hired by Dorey to perform work on the contract would comply with the provisions of the Davis–Bacon Act, 40 U.S.C. § 276a *et seq.*, and the Contract Work Hours and Safety Standards Act (CWHSSA), 40 U.S.C. § 327 *et seq.* Those statutes set out certain wage and hour requirements for mechanics, la- borers and other private-sector employees performing work on certain government contracts.

Dorey subsequently entered into a sub- contract with Pittman Mechanical Contrac- tors, Inc. ("Pittman") in which Pittman agreed to perform the mechanical work required on the two piers under the prime contract in exchange for payment of $1,238,945.00. Under the terms of the sub- contract, Pittman was obligated to comply with the Davis–Bacon Act and the CWHSSA. Dorey also required that Pitt- man post a bond in the amount of the subcontract guaranteeing Pittman's prompt and faithful performance of its obli- gations under the subcontract. Reliance was named surety on the bond provided by Pittman.

By letter dated September 19, 1990, the contracting officer for the Navy informed Dorey that a preliminary investigation of

Pittman revealed violations of the Davis–Bacon Act and the CWHSSA and that certain Pittman employees were entitled to restitution totalling $106,867.26 in Davis–Bacon Act violations and $770.00 in liquidated damages for CWHSSA violations. At that time, the Navy informed Dorey that, as provided by the prime contract, the remainder of the amount due Dorey under the prime contract, $25,220.00, would be withheld until Pittman made the required restitution to its employees. Further, the September 19, 1990 letter informed Dorey that any restitution not made by Pittman would be deducted from other government contracts on which Dorey was the prime contractor.

On March 12, 1992, well after the filing of this lawsuit and only days before the filing of the motions currently before this Court, the Navy issued a revised determination of the restitution due to Pittman employees for work done under the subcontract with Dorey. The Navy currently maintains that certain Pittman employees are due a total of $102,406.83 in restitution for Davis–Bacon Act violations and $800.00 in liquidated damages under the CWHSSA. The March 12 letter also stated that all but $2004.39 of the payments to Dorey previously withheld by the Navy had been applied to reimburse various employees for federal violations committed by Dorey. Thus, $2004.39 due to Dorey is being held by the Navy, pending a final decision by the Secretary of Labor, to provide restitution to employees of Pittman; an additional $101,202.44 is subject to being withheld from payments on current and future government contracts held by Dorey.

### B. Procedural History

Dorey filed its complaint in this Court on May 30, 1991. Count One of the complaint seeks damages in the amount of $107,-637.26 [1] for breach of contract jointly and severally against Pittman and Reliance. Count Two seeks a declaratory judgment against the defendants, holding them liable to Dorey in the same amount for Davis–Bacon and CWHSSA violations.

Neither defendant filed responsive pleadings within the time permitted by the Federal Rules of Civil Procedure, and their defaults were noted on the docket on July 18, 1991. Reliance subsequently moved to set aside the default against it. That motion was granted and Reliance's answer was filed on October 9, 1991. A default judgment was entered against Pittman on November 22, 1991. According to the parties, Pittman is currently in Chapter 7 bankruptcy. Dorey filed its Motion for Summary Judgment on March 13, 1992, to which Reliance responded on March 24, 1992. Reliance filed its Motion for Summary Judgment on March 20, 1992; [2] Dorey filed its response on March 25, 1992.

### DISCUSSION

Reliance contends that this Court is without subject-matter jurisdiction over this action. Dorey alleges in its complaint that this action arises under the Miller Act, 40 U.S.C. § 270a et seq., the Davis–Bacon Act, 40 U.S.C. § 276a, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Implicit in this allegation is the contention that federal jurisdiction is thereby conferred by 28 U.S.C. § 1331 [3] and 28 U.S.C. § 1337. [4]

The parties are in agreement that the Federal Declaratory Judgment Act is not in and of itself an independent source of jurisdiction. Rather, the Act provides a

---

1. This amount is the total amount originally claimed by the Navy in its November 1990 letter to Dorey to be due for Pittman's Davis–Bacon Act and CWHSSA violations.

2. Reliance's Motion for Summary Judgment is directed solely towards the issue of this court's subject matter jurisdiction; thus, Reliance's motion shall be construed as a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

3. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

4. Section 1337 confers original jurisdiction in the district courts of inter alia, any action "arising under any Act of Congress regulating commerce."

procedural remedy in certain cases already within the jurisdiction of the district court. *See* 28 U.S.C. § 2201. Nor does the Miller Act provide for federal jurisdiction over this action. The Miller Act requires a prime contractor to post a performance bond prior to being awarded a government contract over $25,000 in amount for the construction or repair of any public work of the United States. 40 U.S.C. § 270a. The Act provides federal jurisdiction over actions brought by subcontractors, laborers and materialmen, in the name of the United States, for nonpayment by the prime contractor in lieu of a state law mechanic's lien. *See* 28 U.S.C. § 270b; *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). The performance bond at issue here was provided by Pittman for the benefit of Dorey and therefore does not fall under the Miller Act.[5]

Thus, the instant action falls within the jurisdiction of this Court only if it is one "arising under" the Davis–Bacon Act. The Fourth Circuit has held that

> A suit "arises under" federal law if federal law creates the cause of action. However, a state-created cause of action may also arise under federal law if the resolution of the dispute depends on the validity, construction, or effect of federal law, so long as the federal question is a real and substantial issue, *and its resolution is an essential element of plaintiff's case.*

*City Nat'l Bank v. Edmisten*, 681 F.2d 942, 945 (4th Cir.1982) (emphasis added). Similarly, the United States Supreme Court has stated that "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law;'" however, the Court has further remarked that that statement "must be read with caution." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807, 106 S.Ct. 3229, 3231, 92 L.Ed.2d 650 (1986) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct.

2841, 2846, 77 L.Ed.2d 420 (1983)). "[T]he mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction." *Id.* 478 U.S. at 813, 106 S.Ct. at 3234; *see also Smith v. Industrial Valley Ins. Co.*, 957 F.2d 90 (3rd Cir.1992).

In *Merrell Dow,* the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violations, does not state a claim 'arising under the Constitution, laws or treaties of the United States,'" and thus does not fall under the federal question jurisdiction of the district courts. *Id.* 478 U.S. at 817, 106 S.Ct. at 3237. In the instant action, Dorey alleges no more than that. Dorey alleges a state law breach of contract claim against Reliance and attempts to hang federal jurisdiction on the fact that the alleged breach of contract by Pittman for which Dorey seeks to hold Reliance responsible under the performance bond, was also a violation of federal statute. That fortuity, standing alone, is insufficient to imbue Dorey's breach of contract claim with a federal question upon which this Court can base its jurisdiction.

In its Memorandum in Opposition to Reliance's Motion for Summary Judgment, Dorey characterizes the two central issues in this dispute as, first, whether the requirements of Davis–Bacon Act and the CWHSSA applied to Pittman's work under the contract and, second, whether Pittman actually violated those requirements. Dorey's contention that the need to resolve those issues makes this case one arising under federal law, however, fails on two grounds. First, Dorey itself conceded at oral argument that resolution of Pittman's liability under the implicated federal statutes was not crucial to maintaining its suit. Ultimately, what Dorey seeks in its request for a declaratory judgment is a determination of the scope of the coverage afforded

---

**5.** Dorey apparently concedes as much, as it provided no argument in its brief advancing its theory of Miller Act jurisdiction.

it under the performance bond secured by Reliance and a forum to contest Reliance's affirmative defenses to enforcement of the bond. Those issues are matters of contract interpretation governed by state law.

■ Further, were determination of the existence *vel non* of Davis–Bacon or CWHSSA violations an essential element of Dorey's case, it would not be entitled to have those determinations made by this Court. Regulations promulgated under the authority of Congress provide a detailed scheme for the administrative review of a contracting officer's determination of a violation of the Davis–Bacon Act and the CWHSSA. Under regulations governing the administration of the Davis–Bacon Act, a contractor may seek a hearing with an Administrative Law Judge to contest findings that have resulted in a notice of violation. 29 C.F.R. § 5.11(b)(2). The results of such hearing are appealable to the Wage Appeals Board. 29 C.F.R. § 7.9(a). Regulations mandate a similar route of appeal from awards of liquidated damages under the CWHSSA. *See* 29 C.F.R. §§ 5.8, 7.9(a). In either case, judicial review of the results of such administrative determinations, if available at all, is strictly limited to review of the legality of the procedures used in making those determinations, pursuant to the Administrative Procedure Act. *See United States v. Binghamton Constr. Co.*, 347 U.S. 171, 177, 74 S.Ct. 438, 441, 98 L.Ed. 594 (1954); *Virginia ex rel. Commissioner v. Marshall*, 599 F.2d 588, 592 (4th Cir.1979).

Dorey has not pursued any of the administrative challenges available to it to contest the Navy's finding of Pittman's liability for statutory violations. Instead, it has filed suit in this Court, seeking a determination of Reliance's liability on the performance bond, and implicitly, a determination of which party will be responsible for undertaking any administrative challenges to the findings regarding Pittman. According to the Supreme Court decision in *Merrell Dow*, there is no federal question jurisdiction for such a suit unless Dorey has an implied right of action to bring suit under the Davis–Bacon Act.

■ While Dorsey asserts that an implied right of action exists in its favor, it fails to point out any support for such a right in the language or legislative history of the Davis–Bacon Act. The greater weight of authority has found no implied private right of action in the federal courts accruing to those employees whose rights are guaranteed by the Davis–Bacon Act. *See, e.g., United States ex rel. Glynn v. Capeletti Bros.*, 621 F.2d 1309 (5th Cir. 1980); *Weber v. Heat Control Co.*, 579 F.Supp. 346 (D.N.J.1982), *aff'd*, 728 F.2d 599 (3rd Cir.1984); *but see McDaniel v. University of Chicago*, 548 F.2d 689 (7th Cir.1977), *cert. denied*, 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978); *Norling v. Valley Contracting & Pre–Mix*, 773 F.Supp. 186 (D.N.D.1991).

In *Capeletti*, the Fifth Circuit evaluated the Davis–Bacon Act in light of the factors set out by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)[6] and its progeny and found that the Act implied no private right of action in favor of hourly employees who were not paid the wages required by contractual provisions incorporating the Act. 621 F.2d at 1313–17. That analysis is even more compelling where, as here, the party seeking an implied right of action cannot claim to be a member of the class sought to be benefitted by the Act. The Davis–Bacon Act is designed to protect laborers and mechanics employed on government projects from being paid at less than the locally prevailing wage for their services. *Universities Research Ass'n v. Coutu*, 450

---

6. The factors cited by the Supreme Court as relevant in determining whether a private right of action is implied in a particular statute are:
    1. whether the plaintiff is a member of a class specially benefitted by the statute;
    2. whether there exists any indication of legislative intent to create or deny such a remedy;

    3. whether an implied remedy is consistent with the legislative scheme; and
    4. whether the cause of action is traditionally one relegated to state law.
422 U.S. at 78, 95 S.Ct. at 2087.

U.S. 754, 771, 101 S.Ct. 1451, 1461, 67 L.Ed.2d 662 (1981). It does not purport to confer any federal rights upon contractors. *See Binghamton Constr. Co.*, 347 U.S. at 176–77, 74 S.Ct. at 441–42.

As Dorey points out, the United States Supreme Court in *Coutu* expressly declined to address whether the Act confers a private federal right of action upon laborers where a contract calls for wages in accordance with the Act.[7] 450 U.S. at 769, 101 S.Ct. at 1460. The Court's reasoning in *Coutu*, however, militates against such a right in this case. Most tellingly, the Court noted that the provision of the Act providing laborers with a remedy in federal court against the bond provided by the contractor under the Miller Act demonstrates that "when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly." *Id.* at 773, 101 S.Ct. at 1462 (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 572, 99 S.Ct. 2479, 2487, 61 L.Ed.2d 82 (1979)).

Under the Davis–Bacon Act, Congress has devised a system whereby payment may be withheld from the prime contractor for violations of the Act by the prime contractor or its subcontractors. 40 U.S.C. § 276a(a). Congress further guaranteed that employees of both the prime contractor and any subcontractors could look to the prime contractor for relief from inadequate wages by providing a federal cause of action for those laborers against the prime contractor's Miller Act bond should administrative withholding prove to be an inadequate remedy. 40 U.S.C. § 276a–2(b). This Court must assume that Congress knew what it was doing when it placed upon the prime contractor the initial liability for subcontractors' violations of the Davis–Bacon Act. By declining to provide a federal remedy to prime contractors against subcontractors in violation or their sureties, Congress appears to have intend-

ed to relegate those prime contractors to their state law remedies for breach of contract. Those remedies may be pursued in state court or, where diversity jurisdiction exists,[8] in a federal court. Without a showing of such jurisdiction, however, Dorey cannot pursue its breach of contract action in this Court solely on the basis that a violation of federal law is an element of its state law claim.

## CONCLUSION

For the reasons stated above, this matter is DISMISSED for lack of subject matter jurisdiction.

---

7. The Court in *Coutu* noted that while "some of our reasoning arguably applies to the question whether the Act creates *any* implied right of action, we have no reason to reach that broader issue here." 450 U.S. at 769 n. 19, 101 S.Ct. at 1460 n. 19 (emphasis in original).

8. While a suit by Dorey solely against Reliance might be maintainable in federal court on the basis of diversity of citizenship, that is not the case currently before this Court; further, "jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow*, 478 U.S. at 809 n. 6, 106 S.Ct. at 3232 n. 6.