HANDYMAN NETWORK, INC. Plaintiff,

v.

WESTINGHOUSE SAVANNAH RIVER
COMPANY, INC. Defendant.

Civ. A. No. 2:93–2892–22.

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 7, 1994.

David A. Collins, North Charleston, SC, Stephen F. DeAntonio, Charleston, SC, for plaintiff.

Donald E. Rowell, Michael A. Scardato, Richard Lee Tapp, Charleston, SC, for defendant.

## ORDER

CURRIE, District Judge.

This action arises out of a contract to provide personnel services entered into between Handyman Network, Inc., a South Carolina corporation, (hereinafter "Plaintiff"), and Westinghouse Savannah River Company, Inc., a private South Carolina contractor [1] operating at the Savannah River Facility, a federal government site. The action was commenced in the Court of Common Pleas for the Ninth Judicial Circuit on September 29, 1993, and was removed to this court on October 29, 1993. Jurisdiction is alleged to be based on federal question, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a) (supplemental jurisdiction in conjunction with federal question). The matter is presently before the court for a determination of this court's subject matter jurisdiction. [2]

## BACKGROUND

The following recitation of facts is drawn from the complete record before the court, including the pleadings and briefs.

This case arises out of an alleged breach of two requirement contracts for manpower services between Plaintiff and Defendant. Plaintiff's Complaint alleges breach of contract, quantum meruit, breach of the covenants of good faith and fair dealing, negligent misrepresentation, and unfair trade practices. Defendant is a private contractor operating exclusively at the Savannah River Facility in Aiken, South Carolina, which is a federally owned and operated facility controlled by the United States Department of Energy.

Plaintiff's Complaint alleges that in 1989 Plaintiff submitted bids to Defendant to provide personnel services of 68 employees. Defendant requested that Plaintiff make certain corrections to the bid, which Plaintiff alleges it did. On or about January 24, 1990, Defendant directed Plaintiff to begin providing services, and in reliance on those instructions, Plaintiff alleges it established a facility at the job site at great expense. Defendant allegedly breached the terms of the contract by accelerating the number of employees needed under the contract, and later refusing to pay Plaintiff's employees certain wage and other benefits required under federal guidelines incorporated in the contract. Plaintiff alleges it has incurred damages of $1.5 million [3] from the breach. Defendant's Amended Answer and Counterclaim denies the allegations, enters several affirmative defenses as well as defenses of comparative negligence and assumption of risk, and interposes a counterclaim based on Plaintiff's alleged breach of the contract, which Defendant contends entitles it to a set-off.

## ANALYSIS

■ Westinghouse contends federal subject matter jurisdiction exists because Plaintiff has raised federal questions in the Complaint, Defendant has raised federal questions in the Answer; and that the doctrine of federal enclave jurisdiction applies to this case. Plaintiff concurs in Defendant's con-

1. Westinghouse is a corporation organized and existing under the laws of Delaware, with its principal place of business in Aiken, South Carolina.

2. The court raised this inquiry as to its jurisdiction *sua sponte.* The court gave both parties leave to submit briefs on this issue. Both Plaintiff and Defendant have now submitted briefs stating that this court should entertain jurisdiction over this action. For the reasons cited below, the court does not find the parties' arguments persuasive and concludes that this case must be remanded to the Ninth Judicial Circuit Court of Common Pleas.

3. Plaintiff's Complaint asserts that "because of the Defendant's refusal to pay Plaintiff sums when they became due, Plaintiff incurred significant cash flow problems which resulted in tax liens which would not have been otherwise levied had Defendant paid Plaintiff the sums owed to Plaintiff in a timely manner." Complaint, para. 23. Accordingly, Plaintiff's prayer seeks recovery, in part, for tax-related interest and penalties.

clusion that federal enclave jurisdiction exists.

■ The burden of establishing federal jurisdiction is upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Because removal jurisdiction raises significant federalism concerns, removal jurisdiction is strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If federal jurisdiction is doubtful, a remand is necessary. *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148 (4th Cir.1994).

■ To be removable to federal court, a state action must be within the original jurisdiction of the district court and its jurisdiction must be ascertainable from the face of the complaint. 28 U.S.C. § 1441; *Cook v. Georgetown Steel Corp.,* 770 F.2d 1272 (4th Cir.1985); *Hunter Douglas, Inc. v. Sheet Metal Wkrs. Ass'n,* 714 F.2d 342 (4th Cir. 1983). The question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). As the Fourth Circuit has observed,

> [A] state-created cause of action may also arise under federal law if the resolution of the dispute depends on the validity, construction, or effect of federal law, so long as the federal question is a real and substantial issue, and its resolution is an essential element of plaintiff's case.

*City Nat'l Bank v. Edmisten,* 681 F.2d 942 (4th Cir.1982).

■ A defense that raises a federal question is inadequate to confer federal jurisdiction. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ In the present case, the parties do not allege that federal law creates any of the causes of action asserted. Rather, this case presents the type of "litigation-provoking problem," *see Textile Workers v. Lincoln Mills,* 353 U.S. 448, 470, 77 S.Ct. 912, 928, 1 L.Ed.2d 972 (1957), raised by the presence of a federal issue in a state-created cause of action. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *See Merrell Dow Pharmaceuticals Inc., v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); *see also Textile Workers v. Lincoln Mills,* 353 U.S. at 470, 77 S.Ct. at 928 (defining inquiry as "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote"); *Gully v. First Nat'l Bank,* 299 U.S. 109, 115, 57 S.Ct. 96, 98, 81 L.Ed. 70 ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). Thus, in *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the United States Supreme Court found that the consumers' state court action against a drug manufacturer, based in part on the theory that the manufacturer had violated provisions of the Federal Food, Drug, and Cosmetic Act, did not present federal question jurisdiction, and that removal of the case was improper.

More recently, in *Mulcahey v. Columbia Organic Chemicals Company, Inc.,* 29 F.3d 148 (4th Cir.1994), Judge Hamilton, writing for the panel, set forth the test for determining the existence of federal subject matter jurisdiction in cases in which state law creates the causes of action. In *Columbia Organic* several landowners brought suit against a chemical plant operator, asserting South Carolina tort claims in connection with releases of allegedly hazardous substances. The chemical manufacturer contended that the plaintiffs' negligence *per se* theory, alleging violations of various federal, state, and local laws, raised federal question jurisdiction. The court dismissed this argument and found a lack of subject matter jurisdiction.

■ Under *Mulcahey,* if state law creates a cause of action, then federal question jurisdiction depends on whether the plaintiff's demand necessarily depends on the resolution of a substantial question of federal law. *Mulcahey* relied heavily on *Merrell Dow*'s conclusion that the congressional determination not to provide a private cause of action under a federal statute constituted a "con-

gressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." *Mulcahey,* 29 F.3d at 152, quoting *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235. In *Merrell Dow* the absence of a private cause of action under the Federal Food, Drug, and Cosmetic Act, and in *Mulcahey,* the lack of a compensatory damages remedy sought by the plaintiffs under the particular statutes, were critical factors in the determination of a lack of jurisdiction.

■ Moreover, even in those cases in which a private federal remedy exists, the ultimate question turns on whether Congress intended that such an action, based on state law but incorporating a violation of federal law, be brought in federal court. *Clark v. Velsicol Chem. Corp.,* 944 F.2d 196, 199 (4th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992). Indeed, *Mulcahey* cautioned that, "that is not to say the presence of *any* private federal remedy would in all instances suffice to establish federal question jurisdiction." 29 F.3d at 152 (emphasis in original). Rather, the court there stressed that no single test may be used.

In the present case, the parties have not cited to this court any federal statute that would give a personnel services subcontractor such as Plaintiff a private compensatory claim for damages, including tax related interest and penalties, for alleged violations of federal wage and benefits laws committed against its employees. Accordingly, under *Merrell Dow,* a state law action based on such alleged violations does not raise a substantial federal question.

In a similar case, *Dorey Electric Co. v. Pittman Mech. Contractors, Inc.,* 789 F.Supp. 734 (E.D.Va.1992), a contractor brought a breach of contract action against the surety that had posted the performance bond for the subcontractor who had violated certain federal laws, resulting in penalties on the contractor. In rejecting the contractor's argument for federal question jurisdiction, the court stated:

Dorey alleges a state law breach of contract claim against Reliance and attempts to hang federal jurisdiction on the fact that the alleged breach of contract by Pittman for which Dorey seeks to hold Reliance responsible under the performance bond, was also a violation of federal statute. That fortuity, standing alone, is insufficient to imbue Dorey's breach of contract claim with a federal question upon which this Court can base its jurisdiction.

789 F.Supp. at 737. Like the contractor in *Dorey,* Defendant is seeking to hang federal jurisdiction on the fact that the basis of the alleged breach of contract was also a violation of federal law. The court there, relying on *Merrell Dow,* found such relationship to be insufficient to confer federal jurisdiction.

Examination of Plaintiff's Complaint also underscores the conclusion that Plaintiff's right to relief does not necessarily depend on the resolution of a substantial question of federal law. Plaintiff's second cause of action for quantum meruit, or unjust enrichment, is pled to entitle Plaintiff to recover in the event a determination is made that no contract exists. If, indeed, no contract was ever formed by the parties, and therefore, Defendant cannot have breached any of the federal laws sought to be incorporated, a jury may nevertheless award damages based on Plaintiff's South Carolina common law remedy for restitution. The jury would not have to resolve any questions of federal law to award recovery to Plaintiff. That analysis applies equally well to Plaintiff's negligent misrepresentation and Unfair Trade Practices Act claims, neither of which will require any resolution of federal law. Accordingly, the court finds an absence of federal question subject matter jurisdiction in this case.

■ The parties also assert federal enclave jurisdiction as a basis for subject matter jurisdiction, citing *United States v. Dollar Rent-a-Car Systems, Inc.,* 712 F.2d 938 (4th Cir.1983). The court has examined *Dollar Rent-a-Car* and found it inapposite. In that case, the United States was the plaintiff and jurisdiction was based on 28 U.S.C. § 1345, not 28 U.S.C. § 1331, as it is argued exists in the present case. The other federal enclave jurisdiction cases are equally inapplicable as involving torts committed on federal proper-

ty. The instant case is wholly unlike those situations because it involves private parties to a private contract that coincidentally had some nexus to federal property. To coin *Dorey's* language, if such "fortuity, standing alone" were sufficient to establish federal question jurisdiction, then every contract entered into that related to any federal project or property would necessarily be a claim within the jurisdiction of a federal district court. This court concludes that Congress did not intend to extend federal jurisdiction to such contracts.

Based on the foregoing reasons and the cited authorities, the court finds an absence of federal subject matter jurisdiction. IT IS THEREFORE ORDERED that this matter be dismissed for lack of subject matter jurisdiction and the action remanded to the Court of Common Pleas for the Ninth Judicial Circuit.

IT IS SO ORDERED.