**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2055

_____

UNITED STATES FOR THE USE AND BENEFIT OF JRW SERVICE GROUP, LLC,
Appellant

v.

NEW AGE DEVELOPMENT GROUP LLC; AEGIS SECURITY INSURANCE
COMPANY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:18-cv-04063)
U.S. District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2023

_____

Before:  SHWARTZ, BIBAS, and FUENTES, <u>Circuit Judges</u>.

(Filed:  January 24, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

JRW Service Group, LLC ("JRW") moved to vacate an arbitration award, claiming the arbitrator exceeded his power in granting New Age Development Group, LLC ("New Age") a net award of over $300,000. Because the arbitrator acted within his power, the District Court correctly denied the motion, and so we will affirm.

## I

### A

To fulfill a contract with the United States Department of Veterans Affairs (the "VA"), New Age made subcontracts with JRW for plumbing and mechanical work. JRW performed work under the subcontracts from 2015 until 2017. Disputes arose between the parties, including over progress payments, and JRW eventually stopped performing its work.

Thereafter, JRW filed a complaint against, among others, New Age, seeking payment for work it allegedly performed. New Age filed a motion to compel arbitration pursuant to the subcontracts' arbitration provision. The District Court granted the motion and compelled New Age and JRW to proceed to arbitration. The arbitrator awarded JRW $91,463.57 for work performed and equipment and set off that amount from the $392,940.06 award he granted to New Age for expenses it incurred "to complete [JRW's work,] . . . for overhead [, and] . . . for JRW's failure to pay prevailing wages," resulting in "a net [award to New Age] of $301,476.49." App. 3 (emphasis omitted).

New Age moved the District Court to confirm the arbitration award and JRW moved to vacate it. The District Court referred the matter to a Magistrate Judge, who

2

recommended granting New Age's motion to confirm the arbitration award and denying JRW's motion to vacate, reasoning that JRW's arguments in support of vacatur "show disagreement with the arbitrator's award, but such disagreement does not satisfy its heavy burden of showing the award should be vacated." United States ex rel. JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, No. 18-cv-4063, 2020 WL 1427058, at *1, *5 (E.D. Pa. Feb. 14, 2020), report and recommendation adopted by 2020 WL 1330694 (E.D. Pa. Mar. 23, 2020).

JRW raised three objections to the Magistrate Judge's Report and Recommendation ("R&R"), arguing the Magistrate Judge: (1) ignored its argument that the arbitrator exceeded his authority by awarding New Age "sums pursuant to a private claim under the Davis Bacon Act" that "were the subject of a matter [] pending with the Department of Labor [("DOL")] at the time of the arbitration," App. 233; (2) failed to consider its argument that the arbitrator disregarded the applicable state law by awarding New Age damages despite its material breach of the subcontracts; and (3) improperly characterized its argument regarding the computation of damages as "conclusory," App. 236.

The District Court overruled JRW's objections and adopted the R&R. New Age Dev., 2020 WL 1330694, at *1. The Court held that (1) the "mere fact that a claim was before [the DOL] . . . at the time the matter was arbitrated" does not impact "the validity of the arbitrator's decision[,]" and, in any event, JRW waived the issue by failing to raise it before the arbitrator, id. at *1 n.1; (2) JRW similarly waived the choice-of-law issue concerning material breaches by failing to raise it during arbitration, id.; and (3) JRW's

3

argument regarding the computation of damages "rehash[ed] an argument" considered by the Magistrate Judge and that the issue was therefore entitled to only clear error review, and the Magistrate Judge did not clearly err, id. (internal quotation marks omitted). Accordingly, the District Court entered judgment in favor of New Age.

JRW appeals, asserting that the arbitrator exceeded his powers in awarding New Age damages.

## II[1]

### A

Before turning to the merits, we must first identify the standard of review a district court applies when evaluating objections to a magistrate judge's R&R. If a party makes a timely objection to a R&R, as JRW did here, "the district court must 'make a de novo determination of those portions of the report . . . to which objection is made.'" EEOC v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). There is no exception for objections that "rehash arguments presented to and considered by" the magistrate judge, Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (internal quotation marks omitted), and the District Court erred in concluding otherwise, New Age Dev., 2020 WL 1330694, at *1 n.1 (quoting Gray v. Delbiaso, No. 14-cv-4902, 2017 WL

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Because of "the strong federal policy in favor of commercial arbitration, [courts] begin with the presumption that the award is enforceable" and enforce the award "absent a reason to doubt the authority or integrity of the arbitral forum." Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012), as amended (Apr. 4, 2012), aff'd, 569 U.S. 564 (2013). "On appeal from a district court's ruling on a motion to confirm or vacate an arbitration award, we review its legal conclusions de novo and its factual findings for clear error." Id.

2834361, at \*4 (E.D. Pa. June 30, 2017)).  This error, however, was "harmless," <u>Brown</u>, 649 F.3d at 195, because the District Court correctly held that JRW failed to meet the heavy burden for vacating an arbitrator's award.

B

A district court may vacate an arbitration award where, among other things, "the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  Vacatur under § 10(a)(4) is appropriate only when the arbitrator "decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether."  <u>Sutter v. Oxford Health Plans LLC</u>, 675 F.3d 215, 219-20 (3d Cir. 2012), <u>as amended</u> (Apr. 4, 2012), <u>aff'd</u>, 569 U.S. 564 (2013).

The arbitrator did not exceed his authority.  First, the arbitrator had the authority to award New Age damages calculated in accordance with the Davis-Bacon Act.[2]  Although the Davis-Bacon Act does not provide a private right of action, <u>Weber v. Heat Control Co.</u>, 728 F.2d 599, 599 (3d Cir. 1984), the arbitrator's award was not based on a cause of action under Davis-Bacon.  Rather, the award was based on JRW's failure to pay its

---

[2] The Davis-Bacon Act "requires contractors on most federally funded infrastructure projects to pay employees minimum wages based on the DOL's determination of prevailing wages" for similar work done "in the civil subdivision of the State in which the work is to be performed."  <u>United States ex rel. Int'l Bhd. of Elec. Workers Loc. Union No. 98 v. Farfield Co.</u>, 5 F.4th 315, 323 (3d Cir. 2021) (quoting 40 U.S.C. § 3142(b)).

5

workers the Davis-Bacon Act prevailing wages as required by the subcontracts.[3]

Therefore, even if JRW did not waive this argument, the arbitrator acted within his authority in concluding that JRW was liable for breaching the subcontracts by failing to pay the agreed-upon wages.

Second, again assuming JRW did not waive the argument, it has not shown that the arbitrator exceeded his authority by awarding New Age damages despite New Age's own contractual breaches. While JRW is correct that a material breach relieves the nonbreaching party of its duty to perform, LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 648 (Pa. 2009), JRW wrongly assumes that New Age's failure to make progress payments was a material breach per se. To the contrary, Pennsylvania courts employ a fact-intensive, five-factor test to determine materiality, Int'l Diamond Imps., Ltd. v. Singularity Clark, L.P., 40 A.3d 1261, 1271 (Pa. Super. Ct. 2012), and thus New Age's failure to make progress payments was not necessarily a material breach.[4] Therefore, the arbitrator did not exceed his authority by awarding damages to New Age despite its own breaches.

---

[3] JRW "does not necessarily dispute" this point, Appellant's Br. at 17, but instead notes that the sums awarded to New Age were also the subject of a DOL proceeding. This point, however, is irrelevant to the validity of the arbitrator's decision, and, in any event, the DOL has released the funds and did not pursue the matter.

[4] Other courts have also concluded that a failure to pay progress payments is not a material breach per se. See, e.g, Morganti Nat'l, Inc. v. United States, 49 Fed. Cl. 110, 141 (2001) ("[F]ailure to pay progress payments when due is not a material breach per se." (internal quotation marks omitted)), aff'd, 36 F. App'x 452 (Fed. Cir. 2002); United States ex rel. Aucoin Elec. Supply Co. v. Safeco Ins. Co. of Am., 555 F.2d 535, 541 (5th Cir. 1977) (rejecting argument that a "failure to make a progress payment is [necessarily] a material breach").

Finally, JRW has not provided a basis for us to recalculate the arbitrator's damages award. Although JRW insists that the arbitrator erred because the award included damages that were outside the scope of the subcontracts, already recovered or would be recovered from VA adjustments, not sought by New Age, or incurred by New Age when it breached, we can only modify the award if there are obvious mathematical errors, 9 U.S.C. § 11(a), or if it is "so completely irrational that it lacks support altogether," Sutter, 675 F.3d at 220. JRW does not assert that there has been a mathematical error and it has not shown that including those categories of damages was "completely irrational" given its failure to complete its work and New Age's obligation to finish the job. See id. Therefore, JRW's objection to the damages award is not grounds for vacatur.[5]

## III

For the foregoing reasons, we will affirm.

_____

[5] To the extent that JRW argues that the arbitrator's award was not "mutual, final, and definite" as required under 9 U.S.C. § 10(a)(4), that argument is unavailing. To satisfy this requirement, the award need only "resolve[] all issues submitted to arbitration, and determine[] each issue fully so that no further litigation is necessary to finalize the obligations of the parties." ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc., 102 F.3d 677, 686 (2d Cir. 1996) (internal quotation marks omitted). Here, because the arbitrator made clear exactly which party owed what damages and the bases for them, the award is "mutual, final, and definite." 9 U.S.C. § 10(a)(4).